IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-3194-WJM-SKC

STANEK HOLDCO, INC., a Colorado corporation,

    Plaintiff,

v.

WATER RESOURCES GROUP, a Delaware corporation,

    Defendant.

---

**ORDER DENYING PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P 59(e)**

---

This matter is before the Court on Plaintiff/Counterclaim Defendant Stanek Holdco, Inc.'s ("Stanek Holdco") Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Motion"), filed on September 14, 2020. (ECF No. 96.) Defendant/Counterclaim Plaintiff Water Resources Group ("WRG") responded on October 5, 2020 (ECF No. 97), and Stanek Holdco replied on October 19, 2020 (ECF No. 98).

For the reasons explained below, the Motion is denied.

## I. BACKGROUND

Familiarity with the facts of this case is presumed and will not be repeated here. The Court will only recount the facts that are pertinent to resolving the Motion.

On December 26, 2019, WRG filed its Amended Answer and Counterclaim (Jury Trial Demanded) (ECF No. 23), in which WRG asserted three counterclaims against Stanek Holdco: (1) a fraudulent and/or negligent misrepresentation claim; (2) a claim for

a declaratory judgment that WRG's fifth affirmative defense and fraudulent and/or negligent misrepresentation counterclaim are subject to arbitration; and (3) a breach of contract claim. On the same date, WRG filed a Motion to Compel Arbitration and Stay Proceedings. (ECF No. 24.)

On January 8, 2020, Stanek Holdco filed a motion to dismiss WRG's amended counterclaims. (ECF No. 28.) WRG responded on January 31, 2020 (ECF No. 50), and Stanek Holdco replied on February 14, 2020 (ECF No. 54).

On August 17, 2020, the Court issued an Order granting WRG's Motion to Compel Arbitration and Stay Proceedings (the "Prior Order"), which, *inter alia*: (1) compelled Stanek Holdco to arbitrate WRG's Fifth Affirmative Defense and Count I of its amended counterclaims; (2) stayed the action pending the conclusion of the arbitration; and (3) directed the Clerk to administratively close the action pursuant to D.C.COLO.LCivR 41.2, subject to a motion to reopen for good cause subsequent to the conclusion of the arbitration. (ECF No. 93 at 7–16, 20–21.) The Prior Order also granted WRG's motion for summary judgment against Plaintiffs Jerry E. Arguello and Robert S. Stanek in Civil Action 19-cv-3360, *Stanek et al v. Water Resources Group*, which had been consolidated with this action. (*Id.* at 18–21; ECF No. 60.)

On August 17, 2020, the Clerk entered final judgment in favor of WRG on all claims in Civil Action No. 19-cv-3360, *Stanek et al. v. Water Resources Group*. (ECF No. 95 at 2.)

## II. STANDARD OF REVIEW

District courts have broad discretion to reconsider their interlocutory rulings before entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir.

2

2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *See Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to 'rehash' old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (quotation marks omitted). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (quotation marks omitted).

## III. ANALYSIS

Stanek Holdco argues that the "Court failed to address [its] motion to dismiss WRG's amended counterclaims [Doc. 28] prior to entering judgment in favor of WRG." (ECF No. 96 at 4.) It requests that the Court "amend its August 17, 2020 judgment, and enter judgment in favor of Holdco on WRG's amended counterclaims." (*Id.* at 3.)

As an initial matter, the Court entered a final judgment for Civil Action No. 19-cv-3360, *Stanek et al. v. Water Resources Group—not* Civil Action No. 19-cv-3194, *Stanek Holdco, Inc. v. Water Resources Group.* (*See* ECF No. 95 at 2 (ordering "that final

judgment is hereby entered in favor of Defendant, Water Resources Group, Inc., on all claims in *Stanek et al. v. Water Resources Group*, 19-cv-3360 and against Plaintiffs, Robert S. Stanek and Jerry E. Arguello").)  With regard to Civil Action No. 19-cv-3194, the Court only ordered that this action would be stayed and administratively closed pursuant to D.C.COLO.LCiv 41.2 after it granted WRG's Motion to Compel Arbitration and Motion for Summary Judgment.  (ECF No. 93 at 20–21; ECF No. 95 at 1–2.)

To the extent that Stanek Holdco now argues that the Court erred by ordering the parties to proceed to arbitration and staying the action *before* ruling on Stanek Holdco's motion to dismiss WRG's amended counterclaims, Stanek Holdco's argument is unavailing.[1]  Once the Court determined that the parties had an enforceable arbitration agreement that encompassed WRG's Fifth Amendment and Count I of WRG's counterclaims, it was proper for the Court to order the parties to proceed to arbitration and stay the remainder of the action before ruling on Stanek Holdco's motion to dismiss WRG's amended counterclaims.[2]  As the Court reasoned:

> [A] stay is appropriate to avoid the risk of inconsistent and/or piecemeal rulings.  This is particularly so given that the result of the arbitration may well have a preclusive effect on WRG's third counterclaim (breach of contract) and any

---

[1] In its reply, Stanek Holdco states that after the Court denied its motion to dismiss WRG's original counterclaims as moot, "[t]he Court found that [Stanek] Holdco never re-filed its Motion to Dismiss after WRG amended its counterclaims." (ECF No. 98 at 2.) Stanek Holdco is wrong. In the Prior Order, the Court explicitly recognized that Stanek Holdco had filed a motion to dismiss WRG's amended counterclaims. (ECF No. 93 at 5.)

[2] To the extent Stanek Holdco is implicitly arguing that the Court erred by ordering the parties to arbitrate WRG's Fifth Affirmative Defense and Count I of its amended counterclaims, the Court finds reconsideration of the Prior Order is not warranted. Significantly, Stanek Holdco offers no intervening change in law, newly discovered facts, or other evidence suggesting that the Court's ruling was clearly erroneous. *See Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1256 (recognizing that a motion for reconsideration is not an avenue for parties to merely "rehash" old arguments).

prejudice to Holdco is minimal.

(ECF No. 93 at 16.) If WRG prevails in arbitration, it is possible that one or more of the relevant contracts will be rescinded, which may moot the Court's consideration of WRG's breach of contract counterclaim. Entering a stay before ruling on Stanek Holdco's motion to dismiss WRG's amended counterclaims therefore avoids the risk of inconsistent and/or piecemeal rulings. When the parties conclude their arbitration and the Court lifts the stay, the Court will address whatever portions of Stanek Holdco's motion to dismiss WRG's amended counterclaims remain outstanding.

Accordingly, the Court finds that Stanek Holdco has failed to demonstrate that reconsideration of the Prior Order is warranted in these circumstances.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff/Counterclaim Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (ECF No. 96) is DENIED.

Dated this 18th day of May, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge